**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**

No. 25-2487

—————————

TIMOFEY V and ANO DIALOG,

*Plaintiff-Appellants,*

v.

UNITED STATES OF AMERICA

*Defendant-Appellee.*

—————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania, No. 2:24-cv-06862
Before the Honorable Wendy Beetlestone

—————————

**REPLY BRIEF FOR APPELLANTS**
**TIMOFEY V and ANO DIALOG**

—————————

Dennis E. Boyle
Boyle & Jasari LLP
1050 Connecticut Ave, NW
Suite 500
Washington, DC 20036
dboyle@boylejasari.com
Telephone: (771) 217-2400

*Counsel for Appellants*

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................... ii

TABLE OF AUTHORITIES ............................................................................. iii

ARGUMENT ....................................................................................................1

    A.    Appellants have Standing because they Lawfully Own and Possess the Website Domain. ...................................................................................................1

    B.    OFAC Sanctions Do Not Apply to Website Domains. .................................3

    C.    The Seizure of the Website Domain was Unreasonable. ............................6

CONCLUSION .................................................................................................7

CERTIFICATE OF COMPLIANCE................................................................9

CERTIFICATE OF SERVICE .......................................................................10

# TABLE OF AUTHORITIES

**Cases**

Boumediene v. Bush, 553 U.S. 723 (2008) ................................................................5

*Bird v. Parsons*, 289 F.3d 865 (6th Cir. 2002) ........................................................2

*Downes v. Bidwell*, 182 U.S. 244 (1901).................................................................6

*Scholastic, Inc. v. Escolastica.com*, 100 Fed.Appx. 152 (4th Cir. 2004).................2

*Soldal v. Cook County, Ill.*, 506 U.S. 56 (1992) ......................................................1

*United States v. $6,999,925.00 of Funds Associated with Velmur Mgmt. Pte. Ltd.*,

    368 F. Supp.3d 10 (D.D.C. 2019)......................................................................4

*United States v. United States Coin and Currency*, 401 U.S. 715 (1971)................7

*Virtual Countries, Inc. v. Republic of South Africa*, 300 F.3d 230 (2nd Cir. 2002)..2

**Statutes**

31 C.F.R. § 544.201 ................................................................................................3

**Rules**

Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure................................9

# ARGUMENT

## A. Appellants have Standing because they Lawfully Own and Possess the Website Domain.

In its brief, the Government first argues that Appellants lack standing to contest the Government's unlawful seizure[1] of the Website Domain because they have no "cognizable ownership or possessory interest in the Subject Domain". *See* Gov. Brief, at 15.

Specifically, the Government claims that domain names cannot be owned indefinitely if they are registered and not bought outright. *Id.*, at 17. In support thereof, the Government cites answers to general questions on ICANN's website. *Ibid.* ICANN is a nonprofit organization responsible for coordinating the maintenance and procedures of some internet databases. It is not "<u>the</u> global coordinating body for <u>the</u> [Domain Name System]", *ibid.* (emphasis added), and its answers to general questions are certainly not authoritative for this Court's decision

---

[1] Appellants emphasize that while the term "seizure" is applied in the context of this appeal, the Government's action was in fact a "blockage" by operation of sanctions imposed under IEEPA. Pursuant to such a blockage, the government does not take title to, possess, or move that property. Rather, "[t]itle to the blocked property remains with the [blocked person], but the exercise of powers and privileges normally associated with ownership is prohibited without authorization from OFAC." *OFAC Frequently Asked Questions*, https://home.treasury.gov/policy-issues/financial-sanctions/faqs/9 (last visited Jan. 20, 2026). Conversely, a "seizure" occurs "when there is some meaningful interference with an individual's possessory interests in that property." *See Soldal v. Cook County, Ill.*, 506 U.S. 56, 61 (1992).

in this matter.[2] By contrast, U.S. appellate courts have routinely viewed registrants of website domains as owners of said domains. *See, e.g., Bird v. Parsons*, 289 F.3d 865, 870 (6th Cir. 2002) ("Financia, Inc. owns the Internet domain name financia.com"); *see also Scholastic, Inc. v. Escolastica.com*, 100 Fed.Appx. 152, 153 (4th Cir. 2004) ("Corporacion Mexico Escolastica, S.A. de C.V. is a Mexican corporation that owns the rights to the internet domain names 'Escolastica.com' and 'Escolastica.net'"); *Virtual Countries, Inc. v. Republic of South Africa*, 300 F.3d 230, 232 (2nd Cir. 2002) (Virtual Countries is a Seattle, Washington-based corporation, that owns Internet domain names including 'algeria.com,' 'bangladesh.com,' 'belgium.com,' and, most pertinently for this appeal, 'southafrica.com'").

Furthermore, while the Government now appears to argue that Appellant Timofey V registered the domain for a one-year period only in March 2022, *see* Gov. Brief, at 18, it previously conceded that "[t]he domain name waronfakes[.]com was registered on 1 March 2022 and was updated a year later by Timofey VASILIEV a Russian citizen known for having worked for ANO Dialog." JA99. Appellant Timofey V purchased the domain name, on March 1, 2022, paid for it with a Russian bank card which belonged to him, and he used his own passport for the purchase,

---

[2] Nevertheless, ICANN clarifies that "[t]he registrant ... is the person or entity that holds the rights to a domain name". *General Questions*, Internet Corp. for Assigned Names and Nos., https://www.icann.org/resources/pages/faqs-84-2012-02-25-en (last visited Jan. 20, 2026).

and continued (together with ANO Dialog) to update his rights to the domain through March 20, 2025. JA10, JA99, JA364, JA707, JA731.[3] Appellants, therefore, owned, possessed and asserted control over the Website Domain at all times relevant.

**B.      OFAC Sanctions Do Not Apply to Website Domains.**

Next, the Government argues that sanctions prohibit Appellants from lawfully possessing the Website Domain. *See* Gov. Brief, at 20.

First, the Government, without any legal support, asserts that sanctions block the transfer of any interest—including possession of the Subject Domain—to Appellant ANO Dialog or anyone acting on its behalf, such as employee Timofey V". *Id*., at 20-21. This is false. "Department of Treasury regulations bar the provision of funds, goods, or services by, to, or for the benefit of any person designated as an SDN, unless OFAC licenses the transactions". *United States v. $6,999,925.00 of Funds Associated with Velmur Mgmt. Pte. Ltd.*, 368 F. Supp.3d 10, 15 (D.D.C. 2019) citing 31 C.F.R. § 544.201(b). As discussed in detail in Appellants' brief, neither Appellant Timofey V nor Appellant Ano Dialog were identified on the SDN List on

---

[3] The Government's argument that the document provided by Reg.ru confirming Appellant Timofey V's status as registrant of the domain is not satisfactory to the Government is an argument it can certainly raise during trial when such objections related to the authenticity of documents are relevant. *See* Gov. Brief, at 19, Fn. 3. Raising such an argument now is disingenuous, however, when Appellants were not even given a chance to present their evidence at trial.

August 30, 2024, when the seizure occurred and the Government's subsequent designation of Appellant Ano Dialog on the SDN List cannot justify the seizure. Furthermore, Timofey V has never been designated as an SDN.

Second, the Government's argument that no exception to the sanctions applies fails. *See* Gov. Brief, at 27. The Government attempts to distinguish the domain from the website contents linked to said domain. *Id*., at 28. However, it is because of the domain's website contents that the Government seized the domain in the first place. *See* JA99 (Ano Dialog "has been accused of conducting online propaganda activities on behalf of the Russian State"). At all times relevant prior to its brief submitted to this Court, the Government alleged that Appellants illegally interfered with the U.S. election process and published harmful propaganda in furtherance of such illegal interference. Suddenly, however, the Government does not seem at all interested in the publications on the website, but only the internet domain it seized. The Government's new argument lacks credibility and is a mere attempt to create an illogical separation between a domain and a website. As discussed in detail in Appellants' brief, restricting "information and informational materials" is <u>not</u> a power granted to the President by IEEPA. Nevertheless, the Government seized the website domain which contained such informational materials, pursuant to Executive Order 14024.

Furthermore, Appellants did not waive their arguments because they raised the issue of their readers' First Amendment rights to receive information before the district court, JA720, and the First Amendment does indeed apply to Appellants. In *Boumediene v. Bush*, the U.S. Supreme Court categorically rejected the claim that constitutional rights do not apply at all to governmental actions taken against aliens located abroad. 553 U.S. 723 (2008). Instead, the Court made the application of such rights—the First Amendment presumably included—contingent on "objective factors and practical concerns." *Id*., at 726-727. Appellant's website domain was provided by Verisign Global Registry Services ("Verisign"), a U.S. company, and was accessible to U.S. residents and foreign residents alike. It is specifically because of the U.S. audience's access to this website domain that the Government seized said domain.

Moreover, the U.S. Supreme Court has long opined "that there may be a distinction between certain natural rights enforced in the Constitution by prohibitions against interference with them, and what may be termed artificial or remedial rights which are peculiar to our own system of jurisprudence". *Downes v. Bidwell*, 182 U.S. 244, 282 (1901). The right to freedom of speech is such a natural right that deserves extraterritorial recognition in this matter where the Government directly targeted a foreign individual and entity based on their speech and seized a website domain provided by a U.S. company, Verisign.

**C.      The Seizure of the Website Domain was Unreasonable.**

The Government also appears to distance itself from its affidavit wherein it alleged that Appellants illegally interfered with the U.S. election process and published harmful propaganda, and which exclusively discussed the contents of Appellants' website to provide probable cause in support of its request for a warrant. *See* JA99. Therefore, according to its own affidavit, the warrant was based on the sole reason that Appellants allegedly illegally intervened with the U.S. election process. However, the Government provided no evidence of such alleged intervention, and its brief does not even mention these allegations. Instead, in its brief, the Government generally discusses the rights to the website domain and the differences between the rights to the domain and the content posted through said domain. *See* Gov. Brief, at 28.

Despite the fact that the Government's affidavit did not allege that waronfakes.com was a counterfeit website, and the Government did not identify any money laundering transactions involving the website, the Government now argues that the website domain "was involved in money laundering for the purpose of promoting sanctions violations". *See* Gov. Brief, at 31.

Forfeiture must be based on a finding that property was used in connection with wrongful conduct. *See United States v. United States Coin and Currency*, 401 U.S. 715, 718 (1971). The Government, however, endeavors to retain the domain

indefinitely without any support for its contention that the domain seized was involved in any money laundering transactions. Moreover, no criminal charges have been filed against either Appellant, no forfeiture action has been initiated, and the seizure was conducted more than sixteen months ago.

Furthermore, a website domain is not normally an instrumentality of a crime. Rather, it is an address that has no bearing on any violation of a criminal offense. According to the Government, a domain does not even have any bearing on the contents of a website it is linked to. *See* Gov. Brief, at 28. Because the Government did not articulate an interest in retaining the website domain, its seizure was unreasonable.

## CONCLUSION

For the foregoing reasons and the reasons set forth in their opening brief, Appellants Timofey V and Ano Dialog respectfully request that this Court reverse the District Court's order.

Respectfully submitted,

*/s/ Dennis E. Boyle*
Dennis E. Boyle
Boyle & Jasari
1050 Connecticut Ave. NW,
Suite 500
Washington, D.C. 20036

7

dboyle@boylejasari.com
Telephone: (771) 217-2400

*Attorney for Appellants*

# CERTIFICATE OF COMPLIANCE

I, Dennis E. Boyle, hereby certify that:

1.    I am duly admitted to practice before the United States Court of Appeals for the Third Circuit.

2.    This Brief complies with the type-volume limitation of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure because it contains 1577 words, excluding the parts of the brief exempted by Rule 32(f).

3.    This brief complies with the typeface requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

4.    The hard copy and the electronic copy of this brief are identical.

5.    The electronic copy of this brief has been virus scanned using Avast Antivirus version 25.9.10453a and no virus was detected.


/s/ Dennis E. Boyle
Dennis E. Boyle

*Attorney for Appellants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of February 2026, I electronically filed the foregoing with the Court using the CM/ECF system, which sent notification of such filing to all parties.

/s/ Dennis E. Boyle
Dennis E. Boyle

*Attorney for Appellants*